IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN FRANKLIN,

No. C 17-3606 WHA (PR)

Plaintiff,

**ORDER OF DISMISSAL**

v.

MARISSA MAYER,

Defendant.

_____/

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. 1983 alleging that defendant, the Chief Executive Officer of Yahoo!, Inc., violated his constitutional rights to due process and privacy. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

**ANALYSIS**

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendant caused Yahoo!, Inc., to issue materially false and misleading statement in its public filings and other public statements. He further alleges that in doing so, she breached her fiduciary duty, garnered unjust enrichment, and violated Sections 14(a) and 20(a) of the Securities and Exchange Act. He claims that these actions violated his constitutional rights to due process and to privacy.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant is a private citizen and does not act under color of state law. Therefore, plaintiff's claims are not cognizable under Section 1983 and will be dismissed.

It is noted that plaintiff requests to "become a party" to pending class actions against defendant that cover his securities fraud claims. To do so, plaintiff must contact the lawyers representing the plaintiffs, the class representative(s), or seek to intervene in the cases

1  themselves. *Cf. Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013) (individual suit may be

2  dismissed when it duplicates an existing class action's allegations and prayer for relief);

3  *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc) ("Individual members of

4  the class and other prisoners may assert any equitable or declaratory claims they have, but they

5  must do so by urging further actions through the class representative and attorney, including

6  contempt proceedings, or by intervention in the class action.").

7                                              **CONCLUSION**

8          For the reasons set out above, this case is **Dismissed** for failure to state a cognizable

9  claim for relief.  The clerk shall enter judgment and close the file.

10         **IT IS SO ORDERED.**

11

12  Dated: August___2___, 2017.



    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28